# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| APPLE INC.,<br><br>    Plaintiff,<br><br>v.<br><br>MOTOROLA, INC. and MOTOROLA MOBILITY, INC.<br><br>    Defendants. | Case No. 10-CV-661<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Apple Inc. ("Apple"), by its undersigned counsel, for its complaint against Defendants Motorola, Inc. and Motorola Mobility, Inc. (collectively "Motorola"), alleges as follows:

### PARTIES

1. Plaintiff Apple is a California corporation having its principal place of business at 1 Infinite Loop, Cupertino, California, 95014.

2. On information and belief, Motorola, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 1303 East Algonquin Road, Schaumburg, Illinois 60196.

3. On information and belief, Motorola Mobility, Inc. is a wholly-owned subsidiary of Motorola, Inc. organized under the laws of Delaware with its principal place of business at 600 North U.S. Highway 45, Libertyville, Illinois 60048.

## JURISDICTION AND VENUE

4. This action for patent infringement arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction under Wis. Stats. § 801.05, including at least under § 801.05(1)(d) because Motorola is engaged in substantial and not isolated activities within Wisconsin and this judicial district.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## THE ACCUSED PRODUCTS

7. The Accused Products are mobile devices, such as smartphones, and associated software, including operating systems, user interfaces, and other application software designed for use on, and loaded onto, such devices. Upon information and belief, these products are manufactured, marketed and/or sold by Motorola in the United States. At least the following mobile devices infringe one or more claims of one or more of the Asserted Patents: Droid, Droid 2, Droid X, Cliq, Cliq XT, BackFlip, Devour A555, Devour i1, and Charm.[1]

## THE ASSERTED PATENTS

8. Apple is the owner of the entire right, title, and interest to and in U.S. Patent No. 7,812,828, entitled "Ellipse Fitting for Multi-Touch Surfaces," issued on October 12, 2010, to inventors Wayne Westerman and John G. Elias. The '828 patent

---

[1] The aforementioned are not intended to exclusively define or otherwise limit the categories of Accused Products. Apple expects that Motorola will introduce additional products in the future that will also infringe the Asserted Patents.

issued from U.S. Patent Application No. 11/677,958, filed on February 22, 2007, which was a continuation of U.S. Patent Application No. 11/015,434, filed on December 17, 2004, which was a continuation of U.S. Patent Application No. 09/236,513, filed on January 25, 1999, which claims priority to Provisional Application No. 60/072,509, filed on January 26, 1998.  A true and correct copy of the '828 patent is attached to this Complaint as **Exhibit A**.

9. Apple is the owner of the entire right, title, and interest to and in U.S. Patent No. 7,663,607, entitled "Multipoint Touchscreen," issued on February 16, 2010, to inventors Steve Hotelling, Joshua A. Strickon, and Brian Q. Huppi.  The '607 patent issued from U.S. Patent Application No. 10/840,862, filed on May 6, 2004.  A true and correct copy of the '607 patent is attached to this Complaint as **Exhibit B**.

10. Apple is the owner of the entire right, title, and interest to and in U.S. Patent No. 5,379,430, entitled "Object-Oriented System Locator System," issued on January 3, 1995, to inventor Frank T. Nguyen.  The '430 patent issued from U.S. Patent Application No. 102,080, filed on August 4, 1993.  A true and correct copy of the '430 patent is attached to this Complaint as **Exhibit C**.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,812,828

11. Apple incorporates by reference paragraphs 1 through 10 above as if fully set forth herein.

12. On information and belief, Motorola has infringed and continues to infringe, contributorily infringe and/or induce infringement of one or more claims of the '828 patent, pursuant to 35 U.S.C. §§ 271(a), (b), (c) and/or (g), either directly or indirectly, literally or under the doctrine of equivalents, by making, using, offering for sale and selling in the United States and by importing in to the United States, without

authority, mobile devices and related software including but not limited to the Droid, Droid 2, Droid X, Cliq, Cliq XT, BackFlip, Devour A555, Devour i1, and Charm.

13. Motorola directly infringes and/or will infringe the '828 patent by making, using, selling, offering for sale, and importing the mobile devices and related software practicing the claimed inventions of the '828 patent. Moreover, Motorola is aware of the '828 patent, at least because Motorola was provided with a copy of this Complaint upon its filing. Motorola indirectly infringes the '828 patent by knowingly inducing the infringement of these patents by end users of its mobile devices. Further, on information and belief, Motorola contributes to the infringement of the '828 patent because Motorola knows that its mobile devices are made for use in infringement and are not staple articles of commerce suitable for substantial noninfringing use.

14. Motorola's infringing activities have caused and will continue to cause Apple irreparable harm, for which it has no adequate remedy at law, unless Motorola's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

15. Apple has been and continues to be damaged by Motorola's infringement of the '828 patent in an amount to be determined at trial.

16. On information and belief, Motorola's infringement of the '828 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

17. On information and belief, Motorola's infringement of the '828 patent is exceptional and entitles Apple to attorneys' fees and costs incurred in prosecuting this action in accordance with 35 U.S.C. § 285.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 7,663,607

18. Apple incorporates by reference paragraphs 1 through 10 above as if fully set forth herein.

19. On information and belief, Motorola has infringed and continues to infringe, contributorily infringe and/or induce infringement of one or more claims of the '607 patent, pursuant to 35 U.S.C. §§ 271(a), (b), (c) and/or (g), either directly or indirectly, literally or under the doctrine of equivalents, by making, using, offering for sale and selling in the United States and by importing in to the United States, without authority, mobile devices and related software including but not limited to the Droid, Droid 2, Droid X, Cliq, Cliq XT, BackFlip, Devour A555, Devour i1, and Charm.

20. Motorola directly infringes and/or will infringe the '607 patent by making, using, selling, offering for sale, and importing the mobile devices and related software practicing the claimed inventions of the '607 patent. Moreover, Motorola is aware of the '607 patent, at least because Motorola was provided with a copy of this Complaint upon its filing. Motorola indirectly infringes the '607 patent by knowingly inducing the infringement of these patents by end users of its mobile devices. Further, on information and belief, Motorola contributes to the infringement of the '607 patent because Motorola knows that its mobile devices are made for use in infringement and are not staple articles of commerce suitable for substantial non-infringing use.

21. Motorola's infringing activities have caused and will continue to cause Apple irreparable harm, for which it has no adequate remedy at law, unless Motorola's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

22. Apple has been and continues to be damaged by Motorola's infringement of the '607 patent in an amount to be determined at trial.

23.     On information and belief, Motorola's infringement of the '607 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

24.     On information and belief, Motorola's infringement of the '607 patent is exceptional and entitles Apple to attorneys' fees and costs incurred in prosecuting this action in accordance with 35 U.S.C. § 285.

### COUNT III: INFRINGEMENT OF U.S. PATENT NO. 5,379,430

25.     Apple incorporates by reference paragraphs 1 through 10 above as if fully set forth herein.

26.     On information and belief, Motorola has infringed and continues to infringe, contributorily infringe and/or induce infringement of one or more claims of the '430 patent, pursuant to 35 U.S.C. §§ 271(a), (b), (c) and/or (g), either directly or indirectly, literally or under the doctrine of equivalents, by making, using, offering for sale and selling in the United States and by importing in to the United States, without authority, mobile devices and related software including but not limited to the Droid, Droid 2, Droid X, Cliq, Cliq XT, BackFlip, Devour A555, Devour i1, and Charm.

27.     Motorola directly infringes and/or will infringe the '430 patent by making, using, selling, offering for sale, and importing the mobile devices and related software practicing the claimed inventions of the '430 patent. Moreover, Motorola is aware of the '430 patent, at least because Motorola was provided with a copy of this Complaint upon its filing. Motorola indirectly infringes the '430 patent by knowingly inducing the infringement of these patents by end users of its mobile devices. Further, on information and belief, Motorola contributes to the infringement of the '430 patent because Motorola

knows that its mobile devices are made for use in infringement and are not staple articles of commerce suitable for substantial non-infringing use.

28. Motorola's infringing activities have caused and will continue to cause Apple irreparable harm, for which it has no adequate remedy at law, unless Motorola's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

29. Apple has been and continues to be damaged by Motorola's infringement of the '430 patent in an amount to be determined at trial.

30. On information and belief, Motorola's infringement of the '430 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

31. On information and belief, Motorola's infringement of the '430 patent is exceptional and entitles Apple to attorneys' fees and costs incurred in prosecuting this action in accordance with 35 U.S.C. § 285.

## DEMAND FOR JURY TRIAL

32. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Apple demands a trial by jury.

## PRAYER FOR RELIEF

33. WHEREFORE, Apple respectfully prays for relief as follows:

(a) A judgment that Motorola has directly infringed, induced infringement, and/or contributed to the infringement of one or more claims of each of the '828, '607, and '430 patents;

(b) A judgment permanently enjoining Motorola and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns,

from further acts of infringement, contributory infringement, or inducement of infringement of the Asserted Patents;

(c) A judgment awarding Apple all damages adequate to compensate for Motorola's infringement, and in no event less than a reasonable royalty for Motorola's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

(d) A judgment that Motorola's various acts of infringement have been willful and deliberate, and therefore, that Apple is entitled to up to treble damages as provided by 35 U.S.C. § 284;

(e) A judgment that Motorola's willful infringement renders this an exceptional case entitling Apple to an award of its attorneys' fees and costs incurred in prosecuting this action, together with interest, pursuant to 35 U.S.C. § 285; and

(f) Such other relief as the Court may deem just and equitable.

Dated: October 29, 2010					Respectfully Submitted,

               */s/ James Donald Peterson*
               James Donald Peterson (Wis. Bar No. 1022819)
jpeterson@gklaw.com
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, WI 53701-2719
Telephone: (608) 257-3911
Facsimile: (608) 257-0609

*Of Counsel:*

Matthew D. Powers
matthew.powers@weil.com
Steven S. Cherensky
steven.cherensky@weil.com
Jill J. Ho
jill.ho@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Mark G. Davis
mark.davis@weil.com
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, N.W., Suite 900
Washington, DC 20005
Telephone: (202) 682-7000
Facsimile: (202) 857-0940

Patricia Young
patricia.young@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Plaintiff Apple Inc.*

5587303_1