IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| APPLE INC.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MOTOROLA, INC. and MOTOROLA MOBILITY, INC.,<br><br>　　　　Defendants. | Case No. 10-CV-00661-SLC<br><br>**JURY TRIAL DEMANDED** |

**JOINT MOTION TO STAY APPLE INC.'S CLAIMS AND
MOTOROLA, INC. AND MOTOROLA MOBILITY, INC.'S COUNTERCLAIMS
PURSUANT TO 28 U.S.C. § 1659(a)**

Apple Inc. ("Apple"), Motorola, Inc. ("Motorola"), and Motorola Mobility, Inc. ("Mobility") (collectively "the Parties"), jointly move to stay the claims filed by Apple on October 29, 2010 and the Counterclaims filed by Motorola, Inc. and Motorola Mobility, Inc. (collectively "Defendants") on November 9, 2010 in the above-captioned matter until the resolution of two co-pending ITC investigations involving the same parties, the same accused products, and the same patents asserted by the Parties in this case.  Upon timely request by the Parties, as respondents in the two ITC actions, a stay of the claims and counterclaims is required under 28 U.S.C. § 1659(a).

## I.   INTRODUCTION

Apple filed its Complaint in this action on October 29, 2010.  Defendants' filed their Answer and Counterclaims on November 9, 2010.  Apple's claims allege that various of Defendants' products infringe one or more claims of U.S. Patent Nos. 7,812,828 ("the '828 patent"), 7,663,607 ("the '607 patent"), and 5,379,430 ("the '430 patent").  *See* Dkt. #1 (Apple's Complaint for Patent Infringement) at ¶¶ 7-10.  Defendants' counterclaims allege that various Apple products infringe one or more claims of U.S. Patent Nos. 5,359,317 ("the '317 patent"), 5,636,223 ("the '223 patent"), 6,246,697 ("the '697 patent"), 6,246,862 ("the '862 patent"), 7,751,826 ("the '826 patent") and 6,272,333 ("the '333 patent").  *See* Dkt. #5 (Defendant's Answer and Counterclaims) at ¶¶ 38, 47, 55, 63, 71, and 79.

On the same day Apple filed its Complaint in this action, October 29, 2010, Apple filed a Complaint with the United States International Trade Commission (the "ITC") pursuant to Section 337 of the Tariff Act of 1930, as amended, requesting that the ITC institute an investigation against Defendants.  In its ITC Complaint, Apple alleged that Defendants infringe the same three patents that Apple asserted in this Court.  *See* Ex. 1 (Apple's ITC Complaint,

without exhibits) at ¶ 4.  Thus, the '828, '607, and '430 patents (collectively the "Apple Asserted Patents") were asserted against Defendants in both fora.

Thereafter, the ITC instituted Investigation Number 337-TA-750, entitled *In the Matter of Certain Mobile Devices and Related Software*, (the "'750 Investigation"), based on Apple's ITC Complaint.  The ITC formally named the same Apple and Motorola entities that are parties to this action as complainant and respondents, respectively.  A notice that the ITC has instituted the '750 Investigation was published in the Federal Register on November 30, 2010.  *See* Ex. 2 (Notice of Investigation as Printed in the Federal Register).  By publication of notice in the Federal Register, the ITC officially commenced the '750 Investigation.

Similarly, prior to filing its Answer and Counterclaims in this action, on October 6, 2010, Mobility had filed a Complaint with the ITC pursuant to Section 337 of the Tariff Act of 1930, as amended, requesting that the ITC institute an investigation against Apple.  Like its allegations in its counterclaims in this action, Mobility's ITC Complaint alleges that Apple infringes the same six asserted patents in this Court.  *See* Ex. 3 (Mobility's ITC Complaint, without exhibits) at ¶ 71-76.  Thus, the '317, '223, '697, '862, '826, and '333 patents (collectively the "Mobility Asserted Patents") were asserted against Apple in both fora.

The ITC instituted investigation number 337-TA-745, entitled *In the Matter of Certain Wireless Communication Devises, Portable Music and Data Processing Devices, Computers and Components Thereof*, (the "'745 Investigation") based on Mobility's ITC Complaint, formally naming the same Motorola and Apple entities that are parties to this action as complainant and respondent, respectively.  A notice of the institution of the '745 Investigation was published in the Federal Register on November 8, 2010, thus officially commencing the '745 Investigation. *See* Ex. 4 (Notice of Investigation as Printed in the Federal Register).

Accordingly, pursuant to 28 U.S.C. § 1659(a), Apple invokes its right to stay the counterclaims filed by Defendants in this action until the date that the determination of the ITC in the '745 Investigation becomes final. Similarly, pursuant to 28 U.S.C. § 1659(a), Defendants invoke their right to stay the claims filed by Apple in this action until the date that the ITC's determination in the '750 Investigation becomes final.

## II. ARGUMENT

28 U.S.C. § 1659(a) provides the Parties with the absolute right to stay the claims and counterclaims in this case pending the outcome of the concurrent proceedings before the ITC. Under 28 U.S.C. §1659(a), a stay of the proceedings related to the Apple Asserted Patents is mandatory upon the request of the Defendants, as ITC respondents in the '750 Investigation, and a stay of the proceedings related to the Motorola Asserted Patents is mandatory upon the request of Apple, as ITC respondent in the '745 Investigation, because the two proceedings involve the same patents and the same parties as the two concurrent proceedings in the ITC:

> (a) Stay. – In a civil action involving parties that are also parties to a proceeding before the [ITC] under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the [ITC], the district court *shall* stay, until the determination of the [ITC] becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the [ITC], but only if such request is made within –
>
> (1) 30 days after the party is named as a respondent in the proceeding before the [ITC], or
>
> (2) 30 days after the district court action is filed,
>
> whichever is later.

28 U.S.C. § 1659(a) (emphasis added). *See e.g., Proxim Inc. v. 3COM Corp. et al.*, 2003 WL 403348, *1 (D. Del. Feb. 21, 2003) (noting that "[g]iven the fact that [defendant] was also a respondent in an action brought before the ITC by plaintiff related to the same technologies, the

court was required to stay this action pursuant to 28 U.S.C. § 1659"); *Universal Tool and Stamping Co. v. Ventra Group*, No. 1:97-CV-418, 46 U.S.P.Q. 2d 1799, 1998 WL 303298, *1 (N.D. Ind. Jan. 20, 1998) ("[A] stay must (the statute says 'shall') be entered since there is no dispute that the claims here and those before the [ITC] involve the same issues.").

As required by the statute, Apple is filing this request for a stay within thirty days of being named as a respondent in the '745 Investigation. Similarly, Defendants are filing this request for a stay within thirty days of being named as respondents in the '750 Investigation. Where, as here, the Parties file a timely request pursuant to 28 U.S.C. § 1659(a), the Court "shall stay" the civil action until the date that "the determination of the [ITC] becomes final." 28 U.S.C. § 1659(a).

Accordingly, the Parties respectfully request that this Court enter an Order staying the claims and counterclaims in this action pursuant to 28 U.S.C. § 1659(a).

### III. CONCLUSION

For the reasons set forth above, Apple respectfully requests that this Court stay the Defendants' counterclaims in the present action until the date that the determination of the ITC in Investigation No. 337-TA-745 becomes final. Similarly, for the reasons set forth above, Defendants respectfully request that this Court stay Apple's claims in the present action until the date that the determination of the ITC in Investigation No. 337-TA-750 becomes final.

Dated: November 30, 2010                Respectfully submitted,

               *s/James D. Peterson*
               James Donald Peterson (# 1022819)
               jpeterson@gklaw.com
               One East Main Street, Suite 500
               P.O. Box 2719
               Madison, WI 53701-2719
               Telephone: (608) 257-3911
               Facsimile: (608) 257-0609

               Matthew D. Powers
               matthew.powers@weil.com
               Steven S. Cherensky
               steven.cherensky@weil.com
               Jill J. Ho
               jill.ho@weil.com
               WEIL, GOTSHAL & MANGES LLP
               201 Redwood Shores Parkway
               Redwood Shores, CA 94065
               Telephone: (650) 802-3000
               Facsimile: (650) 802-3100

               Mark G. Davis
               mark.davis@weil.com
               WEIL, GOTSHAL & MANGES LLP
               1300 Eye Street, N.W., Suite 900
               Washington, DC 20005
               Telephone: (202) 682-7000
               Facsimile: (202) 857-0940

               Patricia Young
               patricia.young@weil.com
               WEIL, GOTSHAL & MANGES LLP
               767 Fifth Avenue
               New York, NY 10153
               Telephone: (212) 310-8000
               Facsimile: (212) 310-8007
               *Attorneys for Plaintiff Apple Inc.*

| | | |
|---|---|---|
| Dated: November 29, 2010 | By: | _s/ Scott W. Hansen_ |
| | | Scott W. Hansen (1017206) |

Scott W. Hansen (1017206)
Lynn Stathas (1003695)
Paul Stockhausen (1034225)
REINHART BOERNER VAN DEUREN, S.C.
22 East Mifflin Street
P.O. Box 2018
Madison, WI 53701-2018
Phone:  (608) 229-2200
Fax:  (608) 229-2100
Email:  shansen@reinhartlaw.com

*Of Counsel*
David A. Nelson (6209623)*
Jennifer A. Bauer (6289020)*
QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
500 West Madison St., Ste. 2450
Chicago, IL  60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401
Email:  davenelson@quinnemanuel.com

Charles K. Verhoeven*
50 California Street, 22nd Floor
San Francisco, CA  94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
Email:  charlesverhoeven@quinnemanuel.com

Edward J. DeFranco*
51 Madison Avenue, 22nd Floor
New York, NY  10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
Email:  eddefranco@quinnemanuel.com

*Attorneys for Defendants Motorola, Inc. and Motorola Mobility, Inc.*

* Motion to appear *pro hac vice* to be filed

**CERTIFICATE OF SERVICE**

I hereby certify that on November 30, 2010, I caused the foregoing document to be electronically filed with the Clerk of Court using the ECF system, which will make this document available to all counsel of record for viewing and downloading from the ECF system.

*s/James D. Peterson*
James D. Peterson